Executors of Doolittle *against* Executors of Ward.

KELLOGG, for the defendants, moved to set aside the default entered in this cause for want of a plea, on the ground of irregularity.

*Sill,* contra, read an affidavit, that on the 20th *September* last, he enclosed in a letter, put into the mail at *Whitestown,* a declaration in the above cause, with a notice of the rule to plead, thereon endorsed, directed to the defendant's attorney at *Skeneateles;* and that he *verily believed* that the declaration and notice were received by the defendant's attorney, as early as the 1st day of *October;* and that the same was, in fact, received by the said attorney.

*An affidavit of the service of a copy of a declaration, and notice of the rule to plead, must be positive and sufficient, at the time the default is entered thereon, for not pleading. It cannot be made good, by a subsequent knowledge of the fact, that the notice was received by the defendant's attorney at the time.*

*Per Curiam.* The affidavit of the service of the copy of the declaration and notice of a rule to plead, on which a default is entered, must be positive and sufficient, *at the time* when the default is entered; it cannot be supplied by a subsequent knowledge of the fact of its having been received. The belief of the defendants' attorney, in this case, was founded altogether on his knowledge of the course of the mail. The rule must be granted.